**DORIT LAW FIRM**
J NILEY DORIT, Esq.  SBN: 95414
220 Montgomery Street, Suite 2100
San Francisco, California 94104
Tel: 415/956-2757
Fax: 415/433-3308
dorit@doritlaw.com

Attorney for Plaintiffs

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| VALERIE THAMES, an individual, CHRISTOPHER SMITH, a minor, by and through his Guardian ad Litem, AISHA ROACH,<br><br>Plaintiffs,<br>vs.<br><br>UNITED STATES OF AMERICA; SAN FRANCISCO VETERANS ADMINISTRATION MEDICAL CENTER, DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>(Medical Malpractice – Wrongful Death)<br><br>DEMAND FOR JURY TRIAL |

COME NOW Plaintiffs VALERIE THAMES, an individual, and CHRISTOPHER SMITH, a minor, by and through his Guardian ad Litem AISHA ROACH ("Plaintiffs") and complain of the defendants UNITED STATES OF AMERICA and SAN FRANCISCO VETERANS ADMINISTRATION MEDICAL CENTER, and allege as follows:

**JURISDICTION**

1. This Court has subject matter jurisdiction over this action. This is an action arising under the Federal Tort Claims Act, 28 U.S.C. 1346(b), 1402(b), 2401(b) and 2671-2680, *et seq.*, which Act provides this Court with exclusive jurisdiction in this matter.

2. Pursuant to the provisions of the Federal Tort Claims Act and prior to the commencement of this action, plaintiffs presented an administrative claim for damages to

1
THAMES: Complaint for Damages

the Department of Veteran Affairs, US Government, c/o Regional Counsel, in California, relating to the events and circumstances complained of herein. Said claim was timely presented on or about October 30, 2007. Defendant UNITED STATES OF AMERICA has neither denied nor accepted plaintiffs' claim as of the date of the filing of this Complaint for Damages.

## INTRADISTRICT ASSIGNMENT

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this district at the San Francisco Veteran's Administration Medical Center, located at Fort Miley, in the City and County of San Francisco.

4. Due to the foregoing and pursuant to Northern District of California's Local Rules 3-2 and 3-5, Plaintiffs request assignment to the San Francisco Division of the Northern District of California.

## FIRST CLAIM FOR RELIEF

5. Plaintiffs do not know the true names and identities of those Defendants designated as DOES 1 through 50, but allege that each of said fictitiously named Defendants was negligently and unlawfully responsible for the events hereinafter described, and for the injuries and damages sustained by Plaintiffs, and Plaintiffs will ask leave of Court to amend this allegation when the identity of each of said fictitiously named Defendant has been ascertained.

6. At all times and places herein mentioned, defendant UNITED STATES OF AMERICA owned, operated and maintained a medical facility and hospital known as the San Francisco Veteran's Administration Medical Center (hereinafter "SFVAMC"), located at Fort Miley, in the City and County of San Francisco, State of California. At all times and

places herein mentioned, defendant SFVAMC was a hospital and medical center providing health care, medical care, evaluation and related services to veterans.

7. Plaintiffs are informed and believe and thereon allege that at all times mentioned, the events giving rise to this cause of action involved the acts and omissions of the agents and employees of Defendants UNITED STATES and SFVAMC, and such individuals were and now are health care providers, physicians, surgeons, nurses, technicians, professional corporations or other health related personnel with offices located within the County of San Francisco, California and have held themselves out to possess that degree of skill, ability, and learning common to health care practitioners of similar credentials, training and experience. Such agents and employees of Defendants include, but are not limited to, Jeremy Collins, MD, Charles Chiu, MD, Charles Anderson, MD, Roger Malonso, RN, Barbara Drye, MD, Leah Thiebaut, RN, Donna Soriano, RN, Ann Englert, RN, Guy Fahnhorst, RN, Romuela Delacruz, RN, and Scott Delacruz, MD.

8. At all times and places mentioned herein, the Defendants, and each of them, and Jeremy Collins, MD, Charles Chiu, MD, Charles Anderson, MD, Roger Malonso, RN, Barbara Drye, MD, Leah Thiebaut, RN, Donna Soriano, RN, Ann Englert, RN, Guy Fahnhorst, RN, Romuela Delacruz, RN, and Scott Delacruz, MD were the agents and employees of each of the remaining Defendants, and were at all times acting within the scope of said agency and employment.

9. At all times and places mentioned herein, Plaintiff VALERIE THAMES was the lawful wife and spouse of ROBERT THAMES (hereinafter the "decedent"). At all times and places mentioned herein, and for a period of greater than six months prior to the death of ROBERT THAMES, CHRISTOPHER SMITH was a minor residing in the household of,

and being primarily supported by, decedent ROBERT THAMES. ROBERT THAMES was a Marine Corps veteran. ROBERT THAMES died on August 1, 2007, from lung cancer.

10.    At all times herein mentioned, plaintiff CHRISTOPHER SMITH was a minor, his date of birth being October 29, 1996. Prior to the commencement of this action, the above-entitled Court, by its Order regularly made and entered, appointed, AISHA ROACH, Guardian ad Litem of the minor plaintiff, and she was and ever since has been the regularly appointed, duly qualified and acting Guardian ad Litem of the minor plaintiff.

11.    On or about December 2005, and for some time prior thereto and thereafter, ROBERT THAMES sought and received health care from the defendant and its agents, for the purpose of obtaining diagnosis, care, and treatment in connection with a history of chest pain, coughing up blood, and vomiting blood. ROBERT THAMES employed said defendants, to examine, diagnose, treat, and care for him for compensation. In December 2005, ROBERT THAMES presented to the VA Hospital complaining of chest pain and vomiting up blood. On or about December 19, 2006, ROBERT THAMES presented to the SFVAMC reporting that he was vomiting blood. On or about December 22, 2005, ROBERT THAMES again went to the SFVAMC and complained of chest pain and a history of vomiting blood. On or about December 24, 2005 ROBERT THAMES again went to the SFVAMC complaining of chest pain which was increasing and had a feeling of "burning". A chest x-ray was ordered by the SFVAMC physician. The written report of the chest x-ray was that there was a "rounded density" seen in the left lower lung field. The SFVAMC physician who interpreted the x-ray made a written recommendation that the "density" in the lung be evaluated further with a CT scan of the lungs. The recommended CT evaluation was never performed. ROBERT THAMES was not informed of the need for further evaluation of his lung. There was no further evaluation of ROBERT THAMES for his lung/chest issue in

THAMES: Complaint for Damages

either 2005 or 2006. In February 2007, ROBERT THAMES finally underwent a repeat chest x-ray. The 2007 x-ray showed that the uninvestigated round lung "density" which had first appeared in December 2004, had grown into a much larger lesion which was determined to be late staged cancer which could no longer be contained. ROBERT THAMES died from his lung cancer on August 1, 2007, leaving his wife VALERIE THAMES and his dependent step son, CHRISTOPHER SMITH.

    12.    At all times and places mentioned herein, defendants, by and through their agents and employees, carelessly and negligently instructed, examined, diagnosed, prescribed for, performed surgery on, cared for and treated ROBERT THAMES for his medical condition and lung condition, and defendants, by and through their agents and employees, provided hospital, medical, surgical, radiologic, heath care, anesthetic, nursing, laboratory, x-ray, and ambulance services, care and attention in a careless and negligent manner, and defendants, by and through their agents and employees carelessly and negligently failed to provide ROBERT THAMES with proper, adequate or sufficient medical care, medicine, drugs, surgical, anesthetic or ambulance supplies, materials, equipment, appliances or apparatus. Said negligence included, among other things, the failure to reasonably evaluate the abnormal "density" found in ROBERT THAMES' lungs in December 2005, the unreasonable failure to follow the written advice of its own physicians who had recommended further evaluation of the lung "density", the unreasonable failure to perform a follow up CT scan as recommended by VA physicians, the unreasonable failure to undertake means to identify the nature of the "density" in ROBERT THAMES' lung, the unreasonable failure to diagnose ROBERT THAMES with early lung cancer in 2005, and the unreasonable failure to provide medical care or treatment to ROBERT THAMES for his early

stage lung cancer in either 2005 or 2006, despite his abnormal chest x-ray and despite his documented history of chest pain, coughing and vomiting blood.

13. As a direct, legal and proximate result of said carelessness, negligence, acts, omissions and conduct of defendants, by and through their agents and employees, ROBERT THAMES was not diagnosed with his lung cancer in a timely fashion and was not for his lung cancer in 2005 or 2006. ROBERT THAMES was not treated for his lung cancer until at which time the cancer had grown and spread to the point where it could no longer be contained, causing ROBERT THAMES to suffer great physical pain die prematurely in August 2007.

14. As a further, direct and proximate result of said acts, omissions and conduct of defendants, and each of them, plaintiffs VALERIE THAMES and CHRISTOPHER SMITH, have been deprived of a kind and loving husband and Step-Father, benefactor, and of his care, comfort, society, support, services, love, companionship, affection, and security, all to their general damage.

15. As a further, direct and proximate result of said acts, omissions and conduct of defendants, and each of them, plaintiffs have incurred expenses for an appropriate burial and funeral, all to their general damage in an amount not yet determined. Plaintiffs will seek leave of Court to set forth the exact amount of these special damages when they are finally ascertained.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for judgment against the defendants, and each of them, as set forth below:

1. For general damages in the amount of $250,000;

2. For special damages according to proof at trial and believed to be in the amount of $1,000,000;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Date: May 2, 2008

Respectfully submitted,

DORIT LAW FIRM

_____
J Niley Dorit
Attorney For Plaintiffs