JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954 )
Assistant United States Attorney

    U.S. Attorney's Office/Civil Division
    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone: (415) 436-7322
    Facsimile: (415) 436-6748
    E-mail: michael.t.pyle@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VALERIE THAMES et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | No. 08-2617 SC <br><br> **STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASES;** [PROPOSED] **ORDER** |

THE PARTIES AND THEIR ATTORNEYS OF RECORD HEREBY SUBMIT THE FOLLOWING STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE (hereinafter, "Stipulation and Agreement"):

IT IS HEREBY STIPULATED AND AGREED as follows:

1. The parties to this Stipulation and Agreement are plaintiffs Valerie Thames and Christopher Smith, a minor represented by his Court appointed Guardian ad litem, Aisha Roach (hereinafter "Plaintiffs"), on the one hand, and all of the named defendants, including the United States of America and San Francisco Veterans Administration Medical Center, on the other hand. The named defendants, including the United States of America and San Francisco Veterans Administration Medical Center are collectively referred to in this Stipulation and Agreement as

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASES; [PROPOSED] ORDER
C08-2617 SC

"the Defendants." Plaintiffs and the Defendants are collectively referred to in this Stipulation and Agreement as "the Parties" and individually as a "Party."

2. Plaintiffs and the Defendants hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein, which agreement shall not become effective until such time as the Court approves Plaintiffs' motion to approve a compromise settlement by a minor.

3. The United States of America agrees to pay to Plaintiffs and their counsel, the Dorit Law Firm, the sum of Five Hundred Thousand Dollars and No Cents ($500,000), under the terms and conditions set forth herein, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, for which Plaintiffs, their heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America or its agents, servants, and employees.

4. Plaintiffs and their heirs, executors, administrators or assigns hereby agree to accept the sum of Five Hundred Thousand Dollars and No Cents ($500,000) from the United States of America in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America or its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned lawsuit. Plaintiffs and their heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America and its agents, servants or employees from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiffs or their heirs, executors, administrators or assigns against the United States of America.

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASES; [PROPOSED] ORDER
Case No. 06-5729 SC                      2

5. In consideration of the payment of Five Hundred Thousand Dollars and No Cents ($500,000) by the United States of America and the other terms of this Stipulation and Agreement, Plaintiffs agree to immediately upon execution of this Stipulation and Agreement, execute the accompanying Stipulation For Dismissal with Prejudice, which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims that could have been asserted in this Action, which is captioned <u>Valerie Thames and Christopher Smith v. United States of America et al.</u>, C 08-2617 SC. The fully executed Stipulation For Dismissal with Prejudice will be held by counsel for the United States of America and will not be filed with the Court until Plaintiffs have received the settlement amount to be paid by the United States of America.

6. This Stipulation and Agreement is entered into by all Parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation. This settlement does not constitute an admission of liability or fault on the part of any Party.

7. It is agreed, by and among the Parties, that no Party may make any claim for attorney's fees or other costs or expenses of litigation against the Defendants, their agents, servants, or employees in connection with the above-captioned lawsuit.

8. It is agreed, by and among the Parties, that this Stipulation and Agreement may be pled as a full and complete defense to any subsequent action or other proceeding which arises out of the claims released and discharged by this Stipulation and Agreement.

9. It is agreed, by and among the Parties, that the Five Hundred Thousand Dollars and No Cents ($500,000) paid by the United States of America represents the entire amount of the compromise settlement and that the respective Parties will each bear their own costs, fees, and expenses and that any attorneys' fees owed by the Plaintiffs will be paid out of the settlement amount and not in addition thereto.

10. The Five Hundred Thousand Dollars and No Cents ($500,000) paid by the United States of America will be made by wire transfer or other electronic means to a bank account to be designated in writing by Plaintiffs' counsel. Plaintiffs' counsel shall be responsible for distributing the funds transferred to the bank account designated in writing by Plaintiffs' counsel

to Plaintiffs.

11. Counsel for the United States of America will submit a request for Judgment Fund payment within 48 hours after the Court approves this Stipulation and Agreement. The Parties recognize that payment from the Judgment Fund is often not available for 45 to 60 days after approval of the settlement by the Court.

12. Plaintiffs forever release and discharge the United States of America and any and all of their past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in Plaintiffs' pleadings in this action.

13. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

The Parties, having been apprised of the statutory language of Civil Code Section 1542 by an attorney of each Party's own choosing, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights each Party may have pursuant to the provision of that statute and any similar provision of federal law. The Parties understand that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by each Party to be true, this Stipulation and Agreement shall be and remain effective notwithstanding such material difference.

14. The Parties agree that this Stipulation and Agreement is intended to be a full and final settlement of all claims arising out of the allegations set forth in Plaintiffs' pleadings in this action.

15. This Stipulation and Agreement shall constitute the entire agreement between the Parties, and it is expressly understood and agreed that this Stipulation and Agreement has been freely and voluntarily entered into by the Parties hereto with the advice of counsel of each Party's choosing, which counsel have explained the legal effect of this agreement. The Parties further

acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation and Agreement. This Stipulation and Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the Parties or their authorized representatives.

16. If any withholding or income tax liability is imposed upon Plaintiffs based on payment of the settlement sum as set forth herein, Plaintiffs shall be solely responsible for paying any such liability.

17. The Parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Stipulation and Agreement.

18. Each Party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this Stipulation and Agreement and that they have had the contents of this Stipulation and Agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the Parties have mutually participated in the drafting of this Stipulation and Agreement and it is agreed that no provision herein shall be construed against any Party hereto by virtue of the drafting of this Stipulation and Agreement.

19. If any provision of this Stipulation and Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. This Stipulation and Agreement shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Stipulation and Agreement. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation and Agreement.

20. The Parties agree that, should any dispute arise with respect to the implementation of the terms of this Stipulation and Agreement, no Party shall seek to rescind the Stipulation and Agreement and pursue any of the original causes of action. Each Party's sole remedy in such a dispute is an action to enforce the Stipulation and Agreement in district court. The Parties agree

1  that the district court will retain jurisdiction over this matter for the purposes of resolving any
2  dispute alleging a breach of this Stipulation and Agreement.  This Stipulation and Agreement
3  may be signed in counterparts, and any signature on a signature page transmitted by facsimile or
4  by PDF shall be treated the same as an original signature and shall be deemed binding and fully
5  effective.
6  ///
7  ///
8  ///
9  ///
10  ///
11  ///
12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

STIPULATION FOR COMPROMISE  SETTLEMENT AND RELEASES; [PROPOSED] ORDER
Case No. 06-5729 SC                                      6

1  21. The Parties further agree that the filing of this executed Stipulation and Agreement shall
2  notify the Court of the agreement by Plaintiffs and the United States to vacate all pending
3  discovery, motion hearing dates, settlement or pretrial deadlines and trial date associated with
4  this litigation.

DATED: June 12, 2009

*Valerie Thames*
Valerie Thames, Plaintiff

DATED: June 12, 2009

*Aisha Roach*
Aisha Roach, as Guardian ad litem for
Plaintiff Christopher Smith, a minor

DATED: June 12, 2009            By: *J. Niley Dorit*
J. NILEY DORIT
Attorney for Plaintiff

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: June 12, 2009            By: *Michael T. Pyle*
MICHAEL T. PYLE
Assistant United States Attorney
Attorneys for Defendants

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

DATED:   June 12, 2009

_____
HON. *Samuel Conti*
United States District Judge

IT IS SO ORDERED
Judge Samuel Conti